Local AO 245E (Rev. 9/13)  (AO Rev. 12/03)
Sheet 1

# UNITED STATES DISTRICT COURT
### DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA<br>V.<br>**Summit Midstream Partners, LLC** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants)<br><br>CASE NUMBER:  **1:21-cr-152**<br><br>**Cliff Stricklin**<br>Defendant Organization's Attorney |
|---|---|

**THE DEFENDANT ORGANIZATION:**

☑ pleaded guilty to count(s)  **1 and 2 of the Information**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 33 USC §§ 1319(c)(1)(A) and 1321(b)(3) | Clean Water Act & Oil Pollution Act - Negligent Discharge of Oil | 1/6/15 | 1 |

The defendant organization is sentenced as provided in pages 2 through ___8___ of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: _____

Defendant Organization's Principal Business Address:

December 6, 2021
Date of Imposition of Judgment

Signature of Judge

**Daniel M. Traynor**    **U.S. District Judge**
Name of Judge           Title of Judge

7 Dec. 2021
Date

Defendant Organization's Mailing Address:

DEFENDANT ORGANIZATION:  Summit Midstream Partners, LLC  
CASE NUMBER:  1:21-cr-152

Judgment—Page __2__ of __8__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 33 USC § 1321(b)(5) | Clean Water Act - Failure to Report Discharge of Oil | 1/21/15 | 2 |

Local AO 245E (Rev. 9/13) (AO Rev. 12/03)
Sheet 2 — Probation

DEFENDANT ORGANIZATION: **Summit Midstream Partners, LLC**
CASE NUMBER: **1:21-cr-152**

Judgment—Page __3__ of __8__

# PROBATION

The defendant organization is hereby sentenced to probation for a term of :

**3 YEARS on each of Counts 1 and 2, counts concurrent with one another.
Defendant shall remain on probation beyond the minimum three-year period on each of Counts 1 and 2, concurrent, unless and until all payments are made, or as ordered by the Court.**

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;
2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;
4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;
5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;
6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and
7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

Local AO 245E (Rev. 9/13) (AO Rev. 12/03)
Sheet 2B — Probation

DEFENDANT ORGANIZATION: Summit Midstream Partners, LLC
CASE NUMBER: 1:21-cr-152

Judgment—Page 4 of 8

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall fully fund and implement the remedial measures set forth in the civil Consent Decree (1:21-cv-00161) entered into by Defendant and the Department of Justice and the State of North Dakota ("Consent Decree"), including General Compliance Requirements (Section IX), Specific Compliance Requirements (Section X), and Remediation Measures (Section XI).

2. Defendant and its parent corporation, SMLP, shall implement the remedial measures set forth in the civil Consent Decree to all related entities and pipelines that transport produced water.

3. Defendant shall establish and administer a system that enables employees and contractors to report, anonymously if they wish, any concerns relating to non-compliance with applicable environmental laws or regulations, provisions of the Plea Agreement, the Consent Decree, or the Environmental Management System (defined in Paragraph IV.8.1. of the Consent Decree). Defendant shall promptly review, investigate, and document concerns raised in such reports, and shall initiate, monitor, and document all actions taken as a result of such reports. Defendant shall submit to the Office of Probation and the United States a quarterly report providing all such open reports, all investigative reports into such allegations, and actions taken as a result of such reports. Defendant agrees not to retaliate against any individual on the basis of their making such a report.

4. In addition to the requirements of federal, state, and local laws and regulations governing the immediate reporting of spills, releases, or discharges, if requested by the United States, Defendant shall provide any and all information it has regarding the quantity, characteristics, and cause of any such spills, releases, or discharges, regardless of whether this information is specifically required by law.

5. Defendant and all related entities involved in the transportation of produced water shall notify the United States within 14 days of acquisition or assumption of operation, monitoring, maintenance, or management of any produced water pipeline, and within 14 days of removing any produced water pipeline from any entity owned or operated by Defendant, SMLP and SMLP's owned and operated entities, including but not limited to Meadowlark, Summit Midstream Holdings, LLC, and Summit Midstream GP, LLC.

6. Any reports or notifications required by the Consent Decree or the Agreement shall be submitted simultaneously via electronic means by Defendant to the Office of Probation and all government counsel.

Local AO 245E (Rev. 9/13)  (AO Rev. 12/03)
      Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: Summit Midstream Partners, LLC  
CASE NUMBER: 1:21-cr-152

Judgment — Page __5__ of __8__

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 525.00 | $ 15,000,000.00 | $ |

☑ The determination of restitution is deferred until __3/6/2022__. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination. The Government shall provide notice to the claimants of the restitution being deferred for 90 days to allow claimants to resubmit restitution claims. The Court will schedule a restitution hearing, if necessary.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT ORGANIZATION: Summit Midstream Partners, LLC | Judgment — Page 6 of 8 |
| CASE NUMBER: 1:21-cr-152 | |

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ __525.00__ due immediately (Special Assessment only).

  ☐ not later than _____ , or
  ☑ in accordance with  ☐ C or  ☑ D below; or (Fine)

B  ☐ Payment to begin immediately (may be combined with  ☐ C or  ☐ D below); or

C  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑ Special instructions regarding the payment of criminal monetary penalties:

**Fine of $15,000,000 is payable as follows unless defendant pays earlier: $3,000,000 shall be paid on the first through the fourth anniversary of the date of sentencing. The final payment shall be due not later than 90 days prior to the fifth anniversary of the date of sentencing. Notwithstanding any other provision of 28 U.S.C. § 3612, defendant agrees that interest shall start to accrue on any unpaid balance on the day following sentencing, and the provisions regarding collection, interest, and penalties set forth in 18 U.S.C. §§ 3572(h), (i), and 3612 apply. Payment is to be made in the form of a check payable to: United States District Court Clerk, PO Box 1193, Bismarck, ND 58502-1193.**

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

 Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.